Mr. Justice Thachek
delivered the opinion of the court.
This was an action of assumpsit instituted in Hinds county circuit court against the indorser of a bill of exchange, which had been protested for non-acceptance in the city of New Orleans. The protest of the bill of exchange, and notice to the indorser, was proved by the deposition of the notary, but in drafting the copy of the bill of exchange attached to the interrogatories to be propounded to the notary, the bill of exchange was described as payable five months after sight, instead of five days after sight, the latter of which descriptions corresponded with the term of payment of the bill sued upon in this action. In other respects, the bill was correctly copied. In his deposition, the notary observes and points out this discrepancy in the description, and testifies exclusively relative to a bill of exchange payable at five days sight, and to one in all other respects corresponding with the bill upon which this action Avas founded. All other proof necessary for a recovery by the plaintiffs was established on the trial, but the jury found for the defendant, and the court beloAV refused the pláintiffs a nerv trial upon their application.
The testimony of the notary clearly identified the bill of exchange concerning which he deposed with the bill sued upon in this action. The bill sued upon was payable five days after sight, and the bill spoken of by the witness was payable five days after sight, and the record shows that the commission to take the deposition of the notary was sued out in this action. These circumstances manifestly show that the misdescription of the bill of exchange was a clerical mistake, that, under all these circumstances, might have been disregarded, since it was *635 sufficiently corrected, in point of fact, by the whole evidence in the case.
The judgment of the court below is, therefore, reversed, and a new trial must be awarded by the circuit court of Hinds county.